Case 3:08-cr-00021-MCR-CJK   Document 83   Filed 08/01/08   Page 1 of 8

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
3:08cr21-001/MCR - JAVIER AYALA
a/k/a Javier Diaz, a/k/a Javier Ayala Diaz

Page 1 of 8

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

-vs-

**JAVIER AYALA**
a/k/a Javier Diaz
a/k/a Javier Ayala Diaz

Case # 3:08cr21-001/MCR

USM # 06941-017

**Defendant's Attorney:**
Robert A. Dennis, Jr. (AFPD)
3 West Garden Street, Suite 200
Pensacola, Florida 32502

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts One, Two, Three and Four of the Indictment on May 8, 2008. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 1951 and 2 | Interference with Commerce by Robbery | January 25, 2008 | One |
| 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 | Possession of a Firearm During and in Relation to a Crime of Violence | January 25, 2008 | Two |
| 18 U.S.C. §§ 844(i) and 2 | Arson of a Vehicle | January 25, 2008 | Three |
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm by a Convicted Felon | January 25, 2008 | Four |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
July 31, 2008

*M. Casey Rodgers*
M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE

Date Signed: August __, 2008

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*3:08cr21-001/MCR - JAVIER AYALA*
　　　　*a/k/a Javier Diaz, a/k/a Javier Ayala Diaz*

*Page 2 of 8*

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **240 months. This term consists of 156 months as to Counts One and Three and 120 months as to Count Four, said terms to run concurrently, one with the other, and 84 months as to Count Two, to run consecutively to Counts One, Three and Four, for a total of 240 months imprisonment.**

The Court recommends to the Bureau of Prisons that the defendant be designated to a facility for confinement at FCI Marianna or FCI Coleman, Florida.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                                                    _____
                                                                                    UNITED STATES MARSHAL

                                                                                    By:_____
                                                                                           Deputy U.S. Marshal

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*     *Page 3 of 8*
*3:08cr21-001/MCR - JAVIER AYALA*
    *a/k/a Javier Diaz, a/k/a Javier Ayala Diaz*

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years. This term consists of 3 years as to Counts One, Three and Four and 5 years as to Count Two,** said **terms to run concurrently one with the other.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*3:08cr21-001/MCR - JAVIER AYALA*
   *a/k/a Javier Diaz, a/k/a Javier Ayala Diaz*

Page 4 of 8

associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall be evaluated for substance abuse and referred to treatment as determined necessary through an evaluation process. The defendant may be tested for the presence of illegal controlled substances or alcohol at any time during the term of supervision.

2. The defendant shall participate in a program of mental health counseling and/or treatment.

3. The defendant shall provide the probation office with access to all requested financial information.

4. Any unpaid restitution balance shall be paid in monthly installments of not less than $100 to commence within 3 months of the defendant's release from imprisonment.

5. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant has satisfied his restitution obligation.

6. The defendant shall not transfer or dispose of any asset, or his interest in any asset, without the prior approval of the probation officer unless he has satisfied his restitution obligation.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*　　　　　　　　　　　　　　　　　　　　　　　　　*Page 5 of 8*
*3:08cr21-001/MCR - JAVIER AYALA*
　　　*a/k/a Javier Diaz, a/k/a Javier Ayala Diaz*

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____　　　　　_____
**Defendant**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Date**

_____　　　　　_____
**U.S. Probation Officer/Designated Witness**　　　　　　　　　　**Date**

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  
*3:08cr21-001/MCR - JAVIER AYALA*  
      *a/k/a Javier Diaz, a/k/a Javier Ayala Diaz*

Page 6 of 8

## CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

### SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $400.00 | Waived | $14,409.55 |

### SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$400.00** is imposed.

**No fine imposed.**

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case  
3:08cr21-001/MCR - JAVIER AYALA  
        a/k/a Javier Diaz, a/k/a Javier Ayala Diaz

Page 7 of 8

# RESTITUTION

Restitution in the amount of **$14,409.55** is imposed.

The defendant shall make restitution to the following victims in the amounts listed below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| Advance America Cash Advance<br>2620 Creighton Road, Suite 201<br>Pensacola, Florida 32504 | $1,315.00 | $1,315.00 |
| Rotech Healthcare, Inc.<br>2600 Technology Drive, Suite 300<br>Orlando, Florida 32804 | $1,013.00 | $1,013.00 |
| Pfeiffer Medical Equipment<br>1211 Creighton Road<br>Pensacola, Florida 32514 | $1,204.00 | $1,204.00 |
| The CEI Group, Inc.<br>4850 E. Street Road, Suite 220<br>Trevose, Pennsylvania 19053<br>Attn: Daniel K. Oettinger, CEI Loss Recovery | $10,877.55 | $10,877.55 |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise. If nominal payments are made by the defendant the court authorizes those payments to be made to the victims on a rotating basis.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

The Court has determined that the defendant does not have the ability to pay interest. It is **ORDERED** that: In the interest of justice, interest on restitution is hereby waived.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*          *Page 8 of 8*
*3:08cr21-001/MCR - JAVIER AYALA*
      *a/k/a Javier Diaz, a/k/a Javier Ayala Diaz*

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; and (7) penalties in full immediately.

**Breakdown of fine and other criminal penalties is as follows:**
    **Fine: Waived   SMA: $400.00   Restitution: $14,409.55   Cost of Prosecution: None**

**The $400.00 monetary assessment shall be paid immediately.** Any payments of the monetary assessment and the fine made while the defendant is incarcerated shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. The remaining balance shall be paid as follows: In monthly installments of not less than $100.00 over a period of supervised release to commence 3 months after release from imprisonment.

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall forfeit the defendant's interest in the following property to the United States:

                **Preliminary Order of Forfeiture dated July 31, 2008**
                          **re: $716.00 U.S. Currency**