UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

v.  Case Nos.  3:08cr21/MCR
                             3:12cv542/MCR/CJK

**JAVIER AYALA,**
_____/

**O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated July 25, 2013. (Doc. 157). Plaintiff has been furnished a copy of the Report and Recommendation and has been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The Court has made a de novo determination of any timely filed objections. Having fully considered the Report and Recommendation, and objections (doc. 162), the Court concludes that the Report and Recommendation should be adopted.

Accordingly, it is now **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.[1]

---

[1] The Court's adoption of the Report and Recommendation is qualified in part. The agrees with the Magistrate Judge's ultimate conclusions that neither extraordinary circumstances nor reasonable due diligence have been shown to justify equitable tolling in this case where the motion was filed eleven months beyond the limitation period and approximately five months beyond Defendant's first communication with the Court subsequent to his illness. The Court disagrees with the Report and Recommendation only to the extent that it finds no serious medical condition was established. Defendant has substantiated that he suffered a serious illness or stroke in November 2011 through medical notes showing that Defendant suffered a possible stroke in November 2011, that he was only slightly able to move the affected side at that time, and that he was nonresponsive and unable to communicate at that time. This does not affect the Court's decision, however, because Defendant provided no subsequent medical evidence to document the extent of his impairment or his medical progress following that incident. The record does reflect that Defendant began communicating with the court in May 2012. An order of the Magistrate Judge dated May 29, 2012, required the Clerk to return a letter to Defendant in which he had requested leave to file a late Section 2255 motion, noting the document could be resubmitted after certain listed deficiencies were corrected. However, Defendant filed nothing further until August 10, 2012, and he did not file a Section 2255 motion until November 2012, nearly six months after he admits he received his legal materials and nearly six months after the Court's deficiency order. There is no record evidence demonstrating that Defendant's illness in November 2011 continued to be an extraordinary circumstance during this entire lapse of time sufficient to justify equitable tolling when his motion was filed in

2.	The Government's motion to dismiss (doc. 149) the motion to vacate, set aside, or correct sentence is **GRANTED**.

3.	Defendant's motion to vacate, set aside or correct sentence (doc. 137) is hereby **DENIED and DISMISSED**.

4.	A certificate of appealability is **DENIED**.

**DONE AND ORDERED** this 18th day of November, 2013.

*M. Casey Rodgers*
	**M. CASEY RODGERS**
	**CHIEF UNITED STATES DISTRICT JUDGE**

---

November 2012. *See San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (requiring "a defendant to show a causal connection" between the alleged extraordinary circumstances and the late filing"); *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005) (same).

Regarding due diligence, contrary to Defendant's objection, the Court has not concluded that he was entitled to less than one year to file his Section 2255 motion. Rather, the Court concludes that, even accepting that Defendant suffered a serious illness in November 2011, he simply has not shown actions either before or after his illness demonstrating the type of reasonable due diligence as would justify equitably tolling the limitations period *through November 2012. See San Martin*, 633 F.3d at 1268 ("The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner."). To the contrary, the record reflects unexplained delay, even after Defendant began communicating with the Court following his stroke. Moreover, out of an abundance of caution, the Court has alternatively considered and rejected Defendant's motion on the merits, as set forth in the Report and Recommendation.

*Case Nos. 3:08cr21/MCR; 3:12cv542/MCR/CJK*