UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.                                                          Case Nos.:   3:08cr21/MCR/EMT
                                                                         3:20cv6009/MCR/EMT
JAVIER AYALA,
    Fed. Reg. No. 06941-017
_____/

## **REPORT AND RECOMMENDATION**

This matter is before the court on Defendant Javier Ayala's letter to the district court through which he seeks to challenge his conviction under 18 U.S.C. § 922(g) pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (ECF No. 177). The district court directed that Ayala's letter be treated as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and it has been referred to the undersigned for consideration.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A review of the record reveals that Ayala previously filed a motion pursuant to 28 U.S.C. § 2255 (ECF Nos. 137, 138); the previous motion was

dismissed as untimely (ECF Nos. 157, 163); the instant motion is a second, successive motion; and Ayala did not obtain authorization from the Eleventh Circuit to file a successive motion. Therefore, the court does not have jurisdiction to entertain Ayala's motion, and it should be summarily dismissed.

## BACKGROUND and ANALYSIS

The district court sentenced Ayala to a term of 240-months imprisonment after a jury convicted Ayala of the following offenses: interference with commerce by robbery; possession of a firearm during and in relation to a crime of violence; arson of a vehicle; and possession of a firearm by a convicted felon. The Eleventh Circuit Court of Appeals affirmed Ayala's conviction (ECF No. 127), and the United States Supreme Court denied certiorari on December 6, 2010 (ECF No. 131).

On November 5, 2012, Ayala filed a § 2255 motion, raising two claims of ineffective assistance of counsel (ECF No. 137). The motion was facially untimely, but Ayala claimed to have suffered from health issues that prevented its timely filing. The district court found Ayala had not established the existence of a serious medical condition that would justify equitable tolling of the filing deadline, and it dismissed the motion as untimely (ECF No. 163). In Ayala's instant, second § 2255 motion, Ayala now seeks relief pursuant to the Supreme Court's 2019 decision in *Rehaif v. United States.*

Case Nos.: 3:08cr21/MCR/EMT; 3:20cv6009/MCR/EMT

Before a prisoner may file a second or successive § 2255 motion, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without such authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion.  *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).  A numerically second § 2255 motion, however, may or may not be "second or successive" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See Stewart v. United States*, 646 F.3d 856, 859–60 (11th Cir. 2011); *see also Slack v. McDaniel*, 529 U.S. 473, 486, 542 (2000) (explaining that the phrase "second or successive," as used in the AEDPA, is a term of art).

A second petition is considered "successive" if the first motion was adjudicated on the merits.  *Mitchell v. United States*, 652 F. App'x 781, 784 (11th Cir. 2016) ("the district court correctly determined that Mitchell's first § 2255 motion was adjudicated on the merits, and as such, the current § 2255 motion is a "second or successive" motion within the meaning of the ADEPA).  For second-or-successive purposes, the dismissal of a habeas petition as time-barred constitutes an adjudication on the merits.  *Williams v United States*, 830 F. App'x 290, 292 (11th Cir. 2020) (citing *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325–26 (11th Cir. 2017) ("When his first federal petition was dismissed as untimely,

[petitioner] lost his one chance to obtain federal habeas review of his 1998 judgment."); *Jordan v. Sec'y, Dep't of Corr.,* 485 F.3d 1351, 1353 (11th Cir. 2007) (stating that a dismissal of a habeas petition as untimely was with prejudice for successive purposes)); *see also Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) ("[W]e hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam) (holding when first § 2254 petition was dismissed as time-barred, later petition is successive).

Ayala's second motion falls within the subset of cases requiring prior authorization, because he is challenging the same judgment he challenged in his initial motion, which was denied as time-barred. This authorization is required even when a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Ayala has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the Court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.      Ayala's Letter, construed as a "Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 177), be summarily **DENIED and DISMISSED without prejudice**.

2.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 22nd day of December 2020.


 */s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 3:08cr21/MCR/EMT; 3:20cv6009/MCR/EMT